FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 20, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HECTOR M. GARZA, JR., (01),<br>TAMMY LYNN GARZA (02), HTG TRUCKING LLC (03),<br>HTG TRINITY TRANSPORT LLC (04), and<br>FREEDOM FUEL INC. (05),<br><br>Defendants. | No.   4:17-CR-06020-SMJ-01<br>       4:17-CR-06020-SMJ-02<br>       4:17-CR-06020-SMJ-03<br>       4:17-CR-06020-SMJ-04<br>       4:17-CR-06020-SMJ-05<br><br>**ORDER GRANTING MOTION FOR A PROTECTIVE ORDER AND PROTECTIVE ORDER REGULATING DISCLOSURE OF DISCOVERY AND SENSITIVE INFORMATION** |

Before the Court, without oral argument, are the United States of America's Motion for a Protective Order Regulating Disclosure of Discovery and Sensitive Information, ECF No. 77, and related motion to expedite, ECF No. 78. Through this motion, and pursuant to Federal Rule of Criminal Procedure 16(d)(1), the Government seeks a protective order from this Court regarding the dissemination of discovery materials and the sensitive information contained within the discovery materials. ECF No. 77 at 1. The discovery material in this matter includes records and evidence containing bank account information and personal

ORDER GRANTING MOTION FOR A PROTECTIVE ORDER AND
PROTECTIVE ORDER - 1

information of third parties, including social security numbers, driver's license and other identification numbers, birth dates, phone numbers, email or physical addresses, and other sensitive personal and business information. *Id.* at 2. Defendants do not oppose the motion. Having reviewed the pleadings and the file in this matter, the Court is fully informed and grants the motion.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** The Government's Motion for a Protective Order Regulating Disclosure of Discovery and Sensitive Information, **ECF No. 77**, is **GRANTED.**

**2.** The Government's Motion to Expedite Hearing, **ECF No. 78**, is **GRANTED**.

**3.** The Government has released Discovery material to the Defendants and additional Discovery is forthcoming. These materials all contain financial information (bank account information), social security numbers, driver's license and other identification numbers, passwords for various accounts, birth dates and other sensitive information relating to a multitude of third party individuals, as well as Defendants Hector and Tammy Garza and the Defendant companies, HTG Trucking LLC, HTG Trinity Transports LLC, and Freedom Fuel, Inc.

**4.** Government personnel and counsel for any of the Defendants shall not provide, or make available, the sensitive information in the Discovery to any person except as specified in the Order or by approval from this court. Counsel for the Defendants and the Government shall restrict access to the Discovery, and shall only disclose the sensitive information in the Discovery to their client, office staff, investigators, independent paralegals, necessary third-party vendors, consultants, and/or anticipated fact or expert witnesses to the extent that defense counsel believes it necessary to assist in the defense of their client(s) in this matter or that the Government believes is necessary in the investigation and prosecution of this matter. No copies of discovery shall be left with their client(s).

**5.** Third parties contracted by the United States or counsel for the Defendants to provide expert analysis or testimony may possess and inspect the sensitive information in the Discovery, but only as necessary to perform their case-related duties or responsibilities in this matter. At all times, third parties shall be subject to the terms of the Order.

**6.** Discovery materials may not be left in the possession of the defendants. In order to provide discovery to a necessary third-party

vendor, consultant, and/or anticipated fact or expert witness, defense counsel may duplicate the discovery only once per vendor, consultant, or witness. No other copies shall be made, by defense counsel or the defendants, without prior approval from this Court.

**7.** To the extent that defense counsel makes any portion of the Discovery available in paper format to anyone, including their clients, outside of counsel's office, defense counsel shall ensure that any and all sensitive information is redacted or removed and will not be susceptible to misuse or abuse. Such redactions/removal shall include, but shall not be limited to, the following: (a) all Social Security numbers, or taxpayer identification numbers; (b) all employer names, locations, addresses, as well as salary information; (c) all residential and business addresses; (d) all telephone numbers and email addresses; (e) all lease, bill, and contract payment amounts; (f) all tax returns, tax related documents, and filings; (g) all dates of birth; and (h) all information identifying the contents and account number of any financial account, including bank, trust, and retirement account(s).

**8.** All counsel of record in this matter, including counsel for the United States, shall ensure that any party, including the Defendant, that

obtains access to the Discovery is provided a copy of this Order. No other party that obtains access to or possession of the Discovery containing sensitive information shall retain such access to or possession unless authorized by this Order, nor further disseminate such Discovery expect as authorized by this Order or further Order from this Court. Any other party that obtains access to, or possession of, the Discovery containing Discovery information once the other party no longer requires access to or possession of such Discovery shall promptly destroy or return the Discovery once access to Discovery is no longer necessary. For purposes of this Order, "other party" is any person other than appointed counsel for the United States and counsel for the Defendants.

9. All counsel of record, including counsel for the United States, shall keep a list identifying each person to whom the Discovery containing sensitive information is disclosed and who was advised of the requirements of this Order. Neither counsel for the Defendants nor the counsel for the United States shall be required to disclose this list of persons unless ordered to do so by the Court.

10. Upon entry of a final order of the Court in this matter and conclusion of any direct appeals, government personnel and counsel for

Defendant shall retrieve and destroy all copies of the Discovery containing sensitive information, except that counsel and government personnel may maintain copies in their closed files following their customary procedures.

**11.** Government personnel and counsel for the Defendants shall promptly report to the court any known violations of this Order.

**12.** This Protective Order applies only to "sensitive information" as defined in paragraph 3 of this Order.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 20th day of July 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge